**FILED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SEP 26 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| UNITED STATES OF AMERICA ) | No. **17CR 633** |
| vs. ) | |
| ) | Violations: Title 15, United States Code, |
| JASON NAPODANO ) | Sections 78j(b) and 78ff(a); Title 17, |
| ) | Code of Federal Regulations, Section |
| ) | 240.10b-5 |

MAGISTRATE JUDGE VALDEZ

JUDGE DOW

The ACTING UNITED STATES ATTORNEY charges:

MAGISTRATE JUDGE VALDEZ

1. At times material to this information:

    a. Defendant JASON NAPODANO was employed as a Managing Director at a division of Company A, an investment research firm located in Chicago, Illinois. As part of his job duties, defendant NAPODANO authored equity research reports on companies in the biotechnology and pharmaceutical fields.

    b. Company A had written policies expressly forbidding employees from misusing or disclosing confidential information and from trading stock on the basis of material, non-public information learned as part of their job. As a result of these policies, defendant JASON NAPODANO owed Company A a duty of trust and confidence to maintain the confidentiality of material, non-public information he learned as part of his job, and was prohibited from trading stock based on that information.

    c. Company A's policies prohibited employees from owning stock of the companies they wrote about in equity research reports.

    d. The equity research reports defendant JASON NAPODANO authored generally contained positive recommendations about the companies he covered, and the

stock prices of the companies often went up following the release of defendant NAPODANO's reports. Defendant NAPODANO wrote an equity research report about Company B.

e. As part of his job duties at Company A, defendant JASON NAPODANO learned that Company C was planning to publicly announce an in-licensing agreement.

2. Beginning no later than October 2012, and continuing through May 2015, in the Northern District of Illinois, Eastern Division, and elsewhere,

JASON NAPODANO,

defendant herein, directly and indirectly, by the use of means and instrumentalities of interstate commerce, willfully used and employed, in connection with the purchase and sale of securities, a manipulative and deceptive device and contrivance, in contravention of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device and scheme to defraud; and (b) engaging in an act, practice, and a course of business which operated and would operate as a fraud and deceit upon any person, which scheme is further described below.

3. It was part of the scheme that defendant JASON NAPODANO misappropriated for his own benefit material, non-public information learned as part of his job, which he used to purchase and sell stock, at a time when he knew he was under a duty to protect the confidentiality of the information and not use it to trade stock.

4. It was further part of the scheme that defendant JASON NAPODANO, contrary to Company A's policies and the duty of trust and confidence he owed to

Company A, purchased stock in companies that he covered prior to the public release of his equity research reports concerning the companies, and later sold that stock for a profit after his equity research reports became public and the stock prices of the companies he covered increased.

5. It was further part of the scheme that defendant JASON NAPODANO used material, non-public information that belonged to Company A, namely, the timing and contents of his equity research reports, to purchase and sell stock of companies he wrote about, contrary to the duty of trust and confidence he owed to Company A.

6. It was further part of the scheme that, as part of his job and under circumstances where he knew he was under a duty of trust and confidence to Company A, defendant JASON NAPODANO learned material, non-public information about Company C, namely, information about a Company C in-licensing agreement, and then breached his duty of trust and confidence to Company A by using that information to purchase Company C's stock before the information became public, so that he could profit by selling the stock when the information was publicly released and Company C's stock price increased.

7. It was further part of the scheme that, as a result of his trading based on material, non-public information, defendant JASON NAPODANO received illegal trading profits of at least approximately $143,000.

8. It was further part of the scheme that defendant JASON NAPODANO misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the true purpose of the acts done in furtherance of the scheme.

9. On or about February 24, 2014, in the Northern District of Illinois, Eastern Division, and elsewhere,

JASON NAPODANO,

defendant herein, for the purpose of executing the scheme to defraud, in connection with the purchase and sale of securities, willfully used and caused the use of a means and instrumentality of interstate commerce, namely, the internet, to enter an order to purchase 20,000 shares of Company B stock;

In violation of Title 15, United States Code, Sections 78j(b) and 78ff(a), and Title 17, Code of Federal Regulations, Section 240.10b-5.

_____
ACTING UNITED STATES ATTORNEY